UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

LONNIE WAGNER,                        )
                                      )
            Plaintiff,                )
v.                                    )    Case No. 1:12-cv-01879-SEB-DML
                                      )
ROBERT BURNS, et al.,                 )
                                      )
            Defendants.               )

# Entry Dismissing Insufficient Claims and Directing Further Proceedings

## I. Screening of Complaint

**A.**

This action was removed to this court from the Henry Circuit Court. Plaintiff Lonnie Wagner is incarcerated at the New Castle Correctional Facility ("NCCF"). He brings this civil rights action concerning the conditions of his confinement at the NCCF.

The complaint is subject to the screening requirement of 28 U.S.C. § 1915A(b). This statute directs that the court dismiss a complaint or any claim within a complaint which "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(internal quotation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

**B.**

Wagner names the following defendants: 1) Health Care Administrator Jesse Robert Burns, 2) Corizon Medical Services, 3) Dr. Christopher Nelson, 4) LPN Ed. B. Pritt, 5) Health Care Administrator Jesse Udhe, 6) RN Rick Wallyard, and 7) Dr. John Doe. He sues each defendant in his individual and official capacities. Wagner's claims relate to delayed and/or denied medical care. He brings claims pursuant to the Eighth Amendment to the United States Constitution as made applicable by Fourteenth Amendment,[1] the Americans with Disabilities Act, and Article 1, Section 16 of the Indiana Constitution. He seeks compensatory, punitive, and nominal damages, as well as injunctive relief. For the reasons explained below, certain claims must be dismissed consistent with the following:

Although Wagner mentions the "ADA," he does not allege sufficient factual allegations to state a plausible claim for relief against any of the named defendants under that statute. Any ADA claim is **dismissed** because it lacks facial plausibility.

"[N]o Indiana court has explicitly recognized a private right of action for monetary damages under the Indiana Constitution." *Smith v. Indiana Dept. of Correction*, 871 N.E.2d 975, 985 (Ind. Ct. App. 2007). The plaintiff's Eighth Amendment claims provide protection for the State constitution's comparable rights to prohibit "[c]ruel and unusual punishments." Therefore, the claim brought under the Indiana Constitution is **dismissed** for failure to state a claim upon which relief can be granted.

Any claim against Dr. John Doe is **dismissed** because "it is pointless to include [an] anonymous defendant[ ] in federal court; this type of placeholder does not open the door to relation back under *Fed.R.Civ.P.* 15, nor can it otherwise help the plaintiff." *Wudtke v. Davel,* 128 F.3d 1057, 1060 (7th Cir. 1997) (internal citations omitted). Wagner may seek to substitute

---

[1] No separate due process claim is alleged pursuant to the Fourteenth Amendment.

the John Doe defendant if through discovery he is able to identify the name of that defendant.

Wagner alleges that he told LPN Pritt that he was having difficulty urinating. Pritt allegedly catheterized Wagner and told Wagner that he was okay. Wagner further alleges that Pritt told him that Pritt was the person who decided whether Wagner needed to see a doctor or not. The claim against Pritt is **dismissed** for failure to state a claim upon which relief can be granted because these allegations do not rise to the level of deliberate indifference.

Wagner alleges that Nurse Rick Willyard tried different types of medications to see what would help Wagner. Willyard also allegedly informed Wagner that the State refused to approve hip replacement or knee joint surgery and narcotic medications. The claim against Willyard is **dismissed** for failure to state a claim upon which relief can be granted because no alleged facts support a claim of deliberate indifference.

No partial final judgment shall issue as to the claims dismissed in this Entry.

## II. Directing Further Proceedings and Issuing Partial Stay

The claims against Corizon Medical Services, Dr. Christopher Nelson, and Health Care Administrators Richard Burns and Jessie Udhe shall proceed.

Counsel has already appeared on behalf of these defendants. In their answer, the seventh affirmative defense is that the plaintiff "may have failed to exhaust his administrative remedies." The defendants shall have **through May 24, 2013,** in which to **investigate** this affirmative defense and to **report** whether they intend to 1) withdraw the defense, or 2) file a dispositive motion to resolve the defense. If the defendants find that the defense is not amenable to resolution through a dispositive motion, they shall report that as well. If the defendants intend to file a dispositive motion to resolve the defense, they shall have **through June 24, 2013,** in which to do so.

Except for activities associated with the development and resolution of affirmative defense that the plaintiff failed to exhaust his administrative remedies, or any other matter directed by the court, all other activities or deadlines in the action are **stayed.**

**IT IS SO ORDERED.**

Date: 04/29/2013

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Lonnie Wagner
892519
New Castle Correctional Facility
Inmate Mail/Parcels
1000 Van Nuys Rd.
P. O. Box A
New Castle, IN  47362

All electronically registered counsel